REUBEN PARSONS *v.* SAMUEL A. SUYDAM.

Where the whole merits have been examined before referees, the court will not reverse a judgment, because there is a variance between the complaint and the proofs in a particular in which the parties have not been misled; but will, on appeal, either disregard the variance, or direct an amendment.

Where a report of a referee is defective in not stating, with sufficient particularity, the several facts found; the party complaining thereof should apply by motion at special term to have a further report ordered.

And where, on appeal from a judgment upon such a report, the appellant's counsel refuses to accept an order which is tendered to him for a further report, the court will not reverse for such imperfection.

Where a witness is called, sworn, and examined by the plaintiff, and the defendant declines to cross examine him, but after the plaintiff rests his case the defendant moves for a nonsuit, which being denied, he calls the witness again to the stand; it is not proper for the referees to administer the oath a second time, even although the defendant requests it.

Under the circumstances last stated, the examination of the plaintiff's witness by the defendant, after the plaintiff has rested, is in the nature of a cross examination, and the defendant does not by such examination make the witness his own in such a sense that he may not contradict him by other testimony.

The rule that a party may not contradict his own witness, *does not import* that he may not give evidence in direct support of the issue on his part, however much it may conflict with the testimony of his witness, but only that he may not contradict his own witness for the purpose of impeaching his credibility.

*It seems,* that under § 399 of the Code, when an assignor of a claim is examined as a witness, to prove the plaintiff's whole case under a complaint founded on a general charge of indebtedness by the defendant, the adverse party may offer himself, not only to prove that no such indebtedness ever existed, but even to prove that it did not exist at the time of suit brought if it had existed before.

THIS cause came before the court at general term, on appeal,

upon a case made, from a judgment entered upon a report of referees against the defendant for $6,786 01.

The complaint was originally filed by one Henry Colton, as plaintiff, and alleged that " on the various days and at the various times," which were set forth, he loaned to the defendant different sums of money, which were also respectively mentioned in connection with the several dates enumerated, and for which the defendant is indebted to him, etc.

The answer joined issue upon the averments of the complaint, and set up several special defences and a "counter claim."

After the pleadings were served, Colton assigned the cause of action to Reuben Parsons, who was substituted as the plaintiff of record, by an order of the court.

With this preliminary statement, it is sufficient to refer to the opinion, wherein the further facts relating to the questions determined are clearly presented.

*Benjamin Galbraith*, for the defendant, made and argued the following points :

I. The complaint does not state facts sufficient to constitute a cause of action. 1. To constitute a cause of action for money lent, it must appear, first, that the plaintiff loaned ; second, that time of repayment has passed ; third, that money remains unpaid. (1 Chit. Pl. 332.) 2. On a statement that money was loaned without stating when it was to be repaid—it will be presumed it was to be repaid on request—the request is parcel of the contract, and to complete the cause of action a request must be alleged. (1 Chit. Pl. 330.) 3. The allegation that the defendant is indebted, is not sufficient to show that the time of payment has arrived, or to show a breach. (*Allen* v. *Patterson*, Court of Appeals, Dec. 1852.)

II. The finding of the referees is defective. 1. It does not find on the issue on the counter claim. (*Van Bentheysan* v. *Dewitt*, 4 Johns. 213 ; *Crouch* v. *Martin*, 3 Black. 256 ; *Hanna* v. *Ewing*, ib. 34 ; *Patterson* v. *Salmon*, ib. 131 ; *Fitch* v. *Dunning*, ib. 142 ; *Huff* v. *Gilbert*, 4 ib. 19 ; *Wright* v. *The*

*State*, 8 ib. 385.) 2. It does not find that all, or any, or either, of the sums of money in the complaint, alleged to have been loaned to the defendant, became due or payable at any time prior to the commencement of the action, nor when the said sums of money, or any of them, became due. 3. It does not state the facts from which they arrive at the conclusion that the causes of action arose within six years before action brought. 4. It does not state that the sum found due is in respect of the alleged causes of action.

III. The referees erred in their allowance of interest. It is not stated from what time the interest was calculated; but, by computation, it is found that interest is allowed on each item of the plaintiff's claim from the alleged date of loan to the making of the report. 1. Interest can only be recovered when there was either a stipulated term of credit, which had expired, or an agreement, express or implied, to pay interest. (*Esterly* v. *Cole*, 3 Coms. 503.) 2. The evidence negatives the existence of any agreement to pay interest. A witness says, "I reckoned no interest." 3. Where no time of payment is fixed, and there has been a special demand, interest is allowed from the day of demand; and, where no special demand is made, interest is allowed from the commencement of the suit. (1 Am. Leading Cases, 351, et seq.; 11 Wend. 484; 12 N. H. Rep. 481; 22 Pick. 291; 2 Watts & Serg. 128: 22 Maine R. 116; 2 Gallison's R. 45.) 4. Except the 9th item it does not appear but that all the alleged loans were repayable on demand, and the testimony does not disclose any demand of payment prior to 1850, and the evidence of a demand is very slight.

IV. The plaintiff can only recover for money lent. The ninth item is clearly not money lent.

V. The finding is so obviously contrary to the testimony as to present a case for granting a new trial.

*John Graham,* for the plaintiff, made and argued the following points:

I. The referees did not err in admitting Henry Colton as a witness on the part of the plaintiff below. (Code of Procedure,

§ 399.) Notice of an intention to examine him was not required as insisted upon by the defendant's counsel. He was not called against a defendant, acting in a representative character, but against the alleged original party or debtor. Besides this, the witness was called on the part of the defendant, and this cured the error if there was any. (*Hunt* v. *Fish*, 4 Barb. S. C. R. 324.)

II. The motion to strike out the testimony of Henry Colton was properly overruled by the referees.

III. The motion for a nonsuit was properly overruled. The complaint was proved in every particular.

IV. The motion for a report in favor of the defendant was properly overruled. The plaintiff had proved his whole case, with the credits to the defendant specified.

V. The decisions of the referees, in relation to the various questions put to the defendant, who was allowed to be examined in his own favor, were correct. 1. The defendant was not entitled at all to give evidence under the circumstances. He had made Colton his own witness by calling, swearing, and examining him on his behalf. The theory of his defence was that Colton was wantonly perjured. He could not, therefore, be permitted himself to contradict him. The case contemplated by the Code of Procedure (§ 399), in which the defendant can be received as a witness, is where the assignor of a chose in action has been examined against him, not by him. This seems to be perfectly obvious. The defendant can only testify at all under certain circumstances. 2. The defendant took the risk of Colton's integrity and veracity when he called him. To call a witness, and then seek to show by himself that the witness has committed perjury, is what the law will not countenance. (*Hunt* v. *Fish*, 4 Barb. S. C. R. 324.) 3. The whole intention of the defendant's examination was to show that the plaintiff, the assignor (Colton) and himself had been concerned together in gambling transactions, in the course of which the writing produced against him to sustain the plaintiff's claim had been given. This was not set up as a defence. 4. The pretence that the defendant's examination would con-

firm the witness Colton was preposterous. Why should the defendant seek to confirm him? It comes to this: either Colton told the whole truth, or he did not. If the former, confirmation was unnecessary; if the latter, the defendant wanted to contradict his own witness.

VI. The first five exceptions to the referees' report relate to the insufficiency of the report. They are not well taken. If they were, the court could compel a more specific report.

VII. The report of the referees is warranted by law and evidence, and fully in accordance therewith. The judgment appealed from should, therefore, be affirmed, with costs.

By the Court. Woodruff, J.—This was an action brought to recover for money alleged to have been loaned by the plaintiff's assignor to the defendant. On the trial the plaintiff was suffered to prove not only various loans of money to the defendant, but also money paid for his use and upon two or more promissory notes. But as suggested on the argument, no objection founded upon the variance was taken at the trial, and the whole of the various items were considered and the merits thereof decided. The court would, therefore, in any stage, allow an amendment of the form of the complaint in this particular, or disregard the variance as immaterial.

The appellant further objected that the referees' report was defective, that it did not find specially the various facts required by the Code to be separately stated. If this objection is well founded it furnishes no reason for reversing the judgment for two reasons: first, because such a defect is the proper subject of a motion to direct a further and more specific return; and secondly, because it was offered, on the argument of the appeal, to allow the case to go back to the referees to have the alleged defect supplied, and the appellant's counsel declined to accept such an order.

But I am still of the opinion intimated by the court on the argument, that the referees erred in striking out the testimony of the defendant, Suydam, and in refusing to allow him to

Parsons *v.* Suydam.

testify in contradiction of the evidence given by the assignor of the plaintiff.

The 399th section of the Code is very explicit. " When an assignor of a thing in action is examined as a witness on behalf of a person deriving title from him, the adverse party may offer himself as a witness to the same matter on his own behalf, and shall be so received."

Upon this trial the plaintiff proved his whole case by Colton, his assignor. Every fact then testified to by him upon the plaintiff's examination going to establish the indebtedness alleged in the complaint, was matter to which the defendant Suydam was a competent witness in his own behalf, either to contradict the evidence or to explain the facts testified to, and as I think (under a complaint counting in general terms upon the defendant's indebtedness) not only to show that no such indebtedness ever existed, but even to show that there was no indebtedness at the time of suit brought as alleged in the complaint. This is possibly true. And yet when inquired of in relation to a memorandum which Colton had testified to as a memorandum of loans by him to Suydam, the defendant was not permitted to state that it was not a memorandum of loans made to him nor to show what it was. Indeed the referees in this, and in short in the whole of the defendant's examination, refused to permit him to contradict Colton. The defendant's counsel under such a ruling did not multiply questions, and it is unnecessary that we should follow each of the questions which were put ; the distinct ruling of the referees was, that the defendant Suydam not only could not contradict Colton, but could not give any evidence having that tendency. It seemed to us on the argument, and it seems to me now, that this error was so obvious as not to require discussion ; it was a practical denial to the defendant of a right distinctly given to him by the statute above recited.

The error appears to have arisen from the course which was taken on Colton's examination. After the plaintiff had rested his case on Colton's sole testimony, the defendant declined a cross examination in that stage of the cause and moved for a

nonsuit, which was refused. He then, as he properly might, recalled Colton to the stand for the purpose of pursuing his examination further. This act of the defendant. the referees appear to have regarded as making Colton the defendant's witness. In that view they have made it a part of the case, settled for the purposes of the appeal, that after the motion for a nonsuit was denied the defendant called the witness to prove the issues on his part: and the further examination by the plaintiff's counsel they call a "cross examination" of Colton. Indeed it appears that the witness was actually sworn a second time. Although this, if done, was probably done by the request of the defendant, we have no hesitation in saying it was improper, and such a request should not have been acceded to by the referees. The solemnity of an oath is not a matter for trifling nor vain repetition, and when a witness is once duly sworn to testify in a cause he is sworn for all the purposes of his examination to testify to the same matter to which the assignor has testified, viz. the fact of present indebtedness and nothing more. (See *Angel* v. *Solis*, 2 E. D. Smith, 240.)

The examination of Colton by the defendant was in truth a cross examination to the very subject matter of his direct examination by the plaintiff; and what the case calls a cross examination by the plaintiff was in truth a reëxamination to the same matters respecting which he was called and examined by the plaintiff in the first instance. Such a course of examination did not make Colton the defendant's witness in any sense, depriving him of the privilege given by the statute. It is no uncommon thing for a party to call the plaintiff's witnesses to the stand for further examination after the plaintiff's case is closed; but that was never held to make them his witnesses in respect to the matters to which they have testified when examined by the plaintiff.

In another aspect the ruling was erroneous. A party is not precluded from giving evidence to matters in issue between the parties in any case merely because it contradicts his own witness. If the testimony offered is material, and goes to the very facts in issue, it is competent, although it should contradict

every other witness whom the party has examined. The rule prohibits a contradiction which is attempted for the mere purpose of impeachment of the parties' own witness, or where the matter sought to be contradicted is collateral only, and not going to the issue. But it is unnecessary to illustrate this, because the error was here in holding that the defendant lost the privilege which the statute conferred by calling Colton to the stand after the plaintiff rested, and so was prohibited testifying himself in contradiction· of the very statements made by Colton, testifying on behalf of the plaintiff.

. The judgment must be reversed and the case referred back. The costs of the appeal should abide the event of the suit.

Judgment reversed, and cause referred back to be further proceeded with. Costs of appeal to abide the event of the suit.